`
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARK LEYSE, Individually and on Behalf of<br>All Others Similarly Situated, | : | No. 1:09cv237 |
| *Plaintiff*, | : | Judge _____ |
| -against- | : | |
| | : | CLASS ACTION<br>COMPLAINT |
| CLEAR CHANNEL BROADCASTING, INC.,<br>CLEAR CHANNEL COMMUNICATIONS, INC., and<br>CRITICAL MASS MEDIA, INC., | : | |
| *Defendants*. | : | |

## PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential telephone lines Defendants placed one or more telephone calls using an artificial or pre-recorded voice that delivered a message advertising the commercial availability or quality of property, goods, or services, other than Defendants, their officers, employees, representatives, and their families (the "Class"), during the period beginning four years prior to the commencement of this action until the present (the "Class Period").

2. Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B), and the regulation, 47 C.F.R. § 64.1200(a)(2), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, attorney fees and costs.

1

`

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

4. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a)(2) and (a)(3).

## PARTIES

6. Plaintiff, Mark Leyse, was at all relevant times a resident and citizen of the State of New York.

7. Defendant Clear Channel Broadcasting, Inc. was, at all relevant times, a corporation organized and existing under the laws of Nevada, and maintains its principal offices at 200 East Basse Road, San Antonio, Texas 78209. Clear Channel Broadcasting is a citizen of Nevada and Texas.

8. Defendant Clear Channel Communications, Inc. was, at all relevant times, a corporation organized and existing under the laws of Texas, and maintains its principal offices at 200 East Basse Road, San Antonio, Texas 78209. Clear Channel Communications is a citizen of Texas.

9. Defendant Critical Mass Media, Inc. was, at all relevant times, a corporation organized and existing under the laws of Ohio, and maintains its principal offices at 3857 Ivanhoe Avenue, Cincinnati, Ohio 45212. Critical Mass Media is a citizen of Ohio.

## FACTS

10. At all relevant times, WLTW was a radio station that served the New York market using the frequency 106.7 FM.

`

11. At all relevant times, Clear Channel Broadcasting owned and operated WLTW.

12. At all relevant times, Clear Channel Broadcasting was a wholly-owned subsidiary of Clear Channel Communications.

13. At all relevant times, Critical Mass Media was a wholly-owned subsidiary of Clear Channel Communications.

14. On or about June 7, 2005, Critical Mass Media, on behalf of Clear Channel Broadcasting, willfully and knowingly placed, to Plaintiff's residential telephone line, a telephone call using an artificial or pre-recorded voice that delivered a message advertising the commercial availability or quality of property, goods, or services. The message stated as follows:

> Hi, this is Al "Bernie" Bernstein from 106.7 Lite FM. In case your favorite station went away, I want to take just a minute to remind you about the best variety of yesterday and today at 106.7. Motown, classic 70s from James Taylor, Elton, and Carole King; it's all here. Each weekday, we kick off the workday with an hour of continuous, commercial-free music. This week, when the music stops at 9:20, be the tenth caller at 1-800-222-1067. Tell us the name of the Motown song we played during that hour, and you'll win one thousand dollars. Easy money. And the best variety from 106.7 Lite FM.

15. During the Class Period, Critical Mass Media, on behalf of Clear Channel Broadcasting, willfully and knowingly placed, to at least 10,000 residential telephone lines, pre-recorded telephone calls with a message substantially similar to the message set forth in paragraph 14 above ("pre-recorded telephone calls").

16. At all relevant times, Critical Mass Media determined the telephone numbers to which to pre-recorded telephone calls would be placed.

17. At all relevant times, Critical Mass Media designed the content of the messages contained in the pre-recorded telephone calls.

`

18. Neither Plaintiff nor the other Class Members had given Clear Channel Broadcasting, Clear Channel Communications or Critical Mass Media prior express invitation or permission to place pre-recorded telephone calls to them.

## LIABILITY OF CLEAR CHANNEL COMMUNICATIONS FOR THE ACTIONS OF CLEAR CHANNEL BROADCASTING

19. At all relevant times, Clear Channel Broadcasting was organized and operated as a mere tool or business conduit of Clear Channel Communications, and was therefore the alter ego of Clear Channel Communications.

20. At all relevant times, Clear Channel Communications controlled Clear Channel Broadcasting and treated Clear Channel Broadcasting's assets as its own.

21. At all relevant times, Clear Channel Communications directed and controlled the policies and behavior of Clear Channel Broadcasting with such a unity of interest and lack of respect given to the separate identities of Clear Channel Communications and Clear Channel Broadcasting that the personalities and assets of these Defendants were indistinct.

22. At all relevant times, Clear Channel Communications set the vision, strategy, and culture of Clear Channel Broadcasting.

23. At all relevant times, Clear Channel Communications operated, and presented to the public, Clear Channel Broadcasting as a division of Clear Channel Communications.

24. At all relevant times, Clear Channel Communications controlled Clear Channel Broadcasting's budget by writing most of the checks that Clear Channel Broadcasting required so that Clear Channel Broadcasting could not spend money on capital acquisitions without consulting with Clear Channel Communications for funding.

`

25. At all relevant times, Clear Channel Communications handled the payroll for Clear Channel Broadcasting's employees.

26. At all relevant times, Clear Channel Communications and Clear Channel Broadcasting had numerous officers and directors in common, including the treasurer (Brian Coleman), secretary (Randall T. Mays), two Vice Presidents (Richard W. Wolf and Stephanie Rosales), and three directors (L. Lowery Mays, Mark P. Mays, and Randall T. Mays).

27. As a result of the allegations set forth in paragraphs 19 through 27 above, Clear Channel Communications is liable for the actions of Clear Channel Broadcasting.

## LIABILITY OF CLEAR CHANNEL COMMUNICATIONS FOR THE ACTIONS OF CRITICAL MASS MEDIA

28. At all relevant times Critical Mass Media was organized and operated as a mere tool or business conduit of Clear Channel Communications, and was therefore the alter ego of Clear Channel Communications.

29. At all relevant times Clear Channel Communications controlled Critical Mass Media and treated Critical Mass Media's assets as its own.

30. At all relevant times Clear Channel Communications directed and controlled the policies and behavior of Critical Mass Media with such a unity of interest and lack of respect given to the separate identities of Clear Channel Communications and Critical Mass Media that the personalities and assets of Defendants were indistinct.

31. At all relevant times Clear Channel Communications set the vision, strategy, and culture of Critical Mass Media.

32. At all relevant times Clear Channel Communications operated, and presented to the public, Critical Mass Media as a division of Clear Channel Communications.

`

33. At all relevant times Clear Channel Communications controlled Critical Mass Media's budget by writing most of the checks that Critical Mass Media required so that Critical Mass Media could not spend money on capital acquisitions without consulting with Clear Channel Communications for funding.

34. At all relevant times Clear Channel Communications handled the payroll for Clear Channel Broadcasting's employees.

35. As a result of the allegations set forth in paragraphs 28 through 35 above, Clear Channel Communications is liable for the actions of Critical Mass Media.

**LIABILITY OF CHANNEL BROADCASTING AND CLEAR CHANNEL COMMUNICATIONS FOR THE ACTIONS OF CRITICAL MASS MEDIA BASED UPON THE LAW OF AGENCY**

36. Clear Channel Broadcasting and Clear Channel Communications are the principals on whose behalf Critical Mass Media, as the agent of Clear Channel Broadcasting and Clear Channel Communications, made pre-recorded telephone calls. As a result, Clear Channel Broadcasting and Clear Channel Communications are liable for the actions of Critical Mass Media in making the pre-recorded telephone calls.

`

## COUNT I

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 inclusive of this Complaint as if fully set forth herein.

38. The placement of pre-recorded telephone calls to Plaintiff and Members of the Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

39. Based upon these violations, Plaintiff and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

40. Based upon these violations, Plaintiff and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

## CLASS ALLEGATIONS

41. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential telephone lines Defendants placed one or more telephone calls using an artificial or pre-recorded voice that delivered a message advertising the commercial availability or quality of property, goods, or services, other than Defendants, their officers, employees, representatives, and their families (the "Class"), during the period beginning four years prior to the commencement of this action until the present (the "Class Period").

42. The Members of the Class are so numerous that joinder of all Members is impracticable.

43. Plaintiff believes there are thousands of individuals whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class

`

Members. Members of the Class have sustained damages arising out of Defendants' wrongful conduct in the same manner that Plaintiff has sustained damages arising out of Defendants' wrongful conduct.

44. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

46. Common questions of law and fact predominate over questions that affect only individual Class Members. Among the questions of law and fact common to the Class are:

    a) whether Critical Mass Media, on behalf of Clear Channel Broadcasting, placed telephone calls using an artificial or pre-recorded voice that delivered a message to residential telephone lines;

    b) whether the messages contained in the telephone calls placed by Critical Mass Media on behalf of Clear Channel Broadcasting were "advertisements" under the TCPA;

`

    c) whether Critical Mass Media willfully or knowingly violated the TCPA;

    d) whether Clear Channel Broadcasting willfully or knowingly violated the TCPA;

    e) whether Clear Channel Communications is liable for the actions of Clear Channel Broadcasting;

    f) whether Clear Channel Communications is liable for the actions of Critical Mass Media;

    g) whether Clear Channel Broadcasting is liable for the actions of Critical Mass Media;

    h) whether the Members of the Class are entitled to damages, and, if so, how much; and

    i) whether the Members of the Class are entitled to injunctive relief.

47. Plaintiff has alleged the foregoing based upon the investigation of his counsel, and believes that substantial evidentiary support will exist for the allegations set forth in paragraphs 1 through 36 inclusive after a reasonable opportunity to conduct discovery.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Awarding Plaintiff and the other Members of the Class statutory damages of $500 pursuant to 47 U.S.C. §§ 227(b)(3)(B), with interest as allowed by law:

(b) Awarding Plaintiff and the other Members of the Class up to $1,000 of statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C), in addition to the statutory damages prayed for in

`

the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully, with interest as allowed by law;

      (c)      Issuing an order pursuant to 47 U.S.C. § 227(b)(3)(A) enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2); and

      (d)      Awarding to Plaintiff the costs and disbursements of this action, a reasonable attorney fees, and such other and further relief as this Court deems just and proper.

    Respectfully submitted,

*/s/ Stephen R. Felson*
STEPHEN R. FELSON  (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
Attorneys for Plaintiff