```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION

Mark Leyse, et al.,               )
                                  )
            Plaintiff,            )  Case No. 1:09-CV-237
                                  )
    vs.                           )
                                  )
Clear Channel Broadcasting, Inc., )
et al.,                           )
                                  )
            Defendants.           )
```

O R D E R

This matter is before the Court on the motion to dismiss filed by Defendant Clear Channel Broadcasting, Inc. (Doc. No. 8). For the reasons stated below, Defendant's Fed. R. Civ. P. 12(b)(6) motion is well-taken and is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

I. Background

The instant case was triggered by a phone call placed on June 7, 2005. On that day Plaintiff received an automated telephone call from WLTW 106.7, a New York City radio station owned by Defendant. The call, in essence, was a pre-recorded message that urged Plaintiff to listen to the radio station and call in at a specified time for a chance to win a prize. The message stated:

> Hi, this is Al "Bernie" Bernstein from 106.7
> Lite FM. In case your favorite station went
> away, I want to take just a minute to remind
> you about the best variety of yesterday and

1

>today at 106.7.  Motown, classic 70s from
>James Taylor, Elton, and Carole King; it's all
>here.  Each weekday, we kick off the workday
>with an hour of continuous, commercial-free
>music.  This week, when the music stops at
>9:20, be the tenth caller at 1-800-222-1067.
>Tell us the name of the Motown song we played
>during that hour, and you'll win one thousand
>dollars.  Easy money.  And the best variety
>from 106.7 Lite FM.

Compl. ¶ 14. Plaintiff, annoyed by the bothersome call, filed an action as a class representative against Defendants pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) and the regulation 47 C.F.R. § 64.1200(a)(2), promulgated thereunder (collectively "TCPA") in the United States District Court for the Southern District of New York in June of 2005 seeking recovery on behalf of all those who received the same call. The New York District Court granted Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss after finding that the Federal Communications Commission (FCC) had determined the type of message at issue was exempted from the TCPA. <u>Leyse v. Clear Channel Broadcasting, Inc.</u>, No. 05 CV 6031 NB, 2006 WL 23480 (S.D.N.Y. Jan. 5, 2006). Plaintiff appealed to the United States Court of Appeals for the Second Circuit. During the appeal the FCC, in response to five questions referred to it by the Court, once again confirmed that the message at issue did not violate the TCPA as it had exempted calls containing such messages. The Circuit Court did not consider the merits of the district court's dismissal, however, and dismissed the action without prejudice

for a lack of subject-matter jurisdiction. Leyse v. Clear Channel Broadcasting, Inc., 301 Fed. App'x. 20 (2nd Cir. 2008). The instant action arises from Plaintiff's refiling of the case in Ohio in an effort to gain federal subject-matter jurisdiction.

## II. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The Court must construe the complaint in the light most favorable to the Plaintiff and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1947) and Roth Steele Prods. v. Sharon Steele Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulistic recitations of the elements of a claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are

not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(internal quotations marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 1950. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Id. at 1949. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the Defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the Defendant's liability, it fails to state a plausible claim for relief. Id.

### III. Analysis

#### A. Federal Subject-Matter Jurisdiction

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (1988). Section 1332 requires diversity of citizenship and the amount in controversy to exceed $75,000 if suit is not a class action and $5,000,000 if the suit is a class action. Diversity is present in this case as Plaintiff is a resident and citizen of New York and Defendants are residents and citizens of Nevada, Texas, and Ohio. The amount in controversy

4

requirement is met as well. The TCPA, in § 227(b)(3), provides for statutory damages of $500 for each violation and trebling of the damages if the violation was willfully or knowingly committed. Plaintiff asserts that Defendant willfully and knowingly placed calls to at least 10,000 individuals, aggregating total damages well above the $5,000,000 threshold. This Court thus properly has subject-matter jurisdiction in this diversity suit.[1]

B. <u>Dismissal on the Merits</u>

Plaintiff argues that the automated telephone call he received containing a pre-recorded message was in violation of the TCPA. He is incorrect. Section 227 states:

> It shall be unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [FCC] under paragraph (2)(B).

---

[1] Defendant argues that Ohio's choice of law rules require that New York substantive law be applied in this case. Specifically, Defendant argues that New York law C.P.L.R. § 901(b), which would prevent Plaintiff from aggregating his damages with the rest of the putative class, should control thus causing the amount in controversy to fall well short of the $75,000 requirement. Assuming, *arguendo*, that New York law does apply, Defendant's assertion is moot. The United States Supreme Court directly addressed this issue recently in <u>Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.</u>, 130 S. Ct. 1431 (2010). There the Court held that § 901(b) is preempted by Fed. R. Civ. P. 23 in federal court actions. Because Rule 23 controls, Plaintiff is allowed to aggregate the damages of the entire class and the amount in controversy requirement is therefore met.

47 U.S.C. § 227(b)(1)(B).  Paragraph (2)(B) of § 227 gives the FCC discretion to exempt "such classes or categories of calls made for commercial purposes as the [FCC] determines - (I) will not adversely affect the privacy rights that this section is intended to protect; and (II) do not include the transmission of any unsolicited advertisement."  Using the discretion granted to it by Congress, the FCC issued an Order in 2003 after a notice-and-comment period permitting messages having the purpose of merely inviting consumers to listen to or view a broadcast.  18 F.C.C.R. 14, 101 ¶ 145 (Jul. 3, 2003).  The Commission reaffirmed this same position in <u>Final Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, FCC Rules and Regulations, 70 F.R. 19330 (Apr. 13, 2005).  In response to the Second Circuit's questions regarding the very message at issue in this case, the FCC bluntly stated that messages of the type at issue do not violate the TCPA because "the Commission's Orders make clear that a hybrid call that both announces a contest and contains a general promotion for the station is permitted [and] therefore not actionable under the TCPA."  Letter from Samuel L. Feder, General Counsel, FCC, to Thomas Asreen, Acting Clerk of Court, United States Court of Appeals for the Second Circuit (Apr. 11, 2007).  It is clear, then, that the FCC's position is that the message at issue in this case does not violate the TCPA.

This Court defers to the FCC's determination to exempt the message at issue from the TCPA under <u>Chevron U.S.A., Inc. v. Natural Res. Def. Counsel, Inc.</u>, 467 U.S. 837 (1984).  In Chevron the Court established a two factor test to determine whether a court should defer to an agency's position.  A court must first evaluate whether "Congress has spoken directly to the precise question at issue" vis-a-vis the statute's plain language.  <u>Id.</u> at 843.  If it has not and the statute is silent or ambiguous with respect to the specific question, the court then looks to see whether the regulating agency has spoken regarding the question.  If it has, the court must defer to the agency's interpretation as long as it is "not arbitrary, capricious, or manifestly contrary to the statute."  <u>Id.</u> at 844.  Any reasonable interpretation by the agency administering the statute meets this bar and is entitled to considerable deference, <u>Sure-Tan, Inc. v. N.L.R.B.</u>, 467 U.S. 883, 891 (1984); <u>Wachovia Bank, N.A. v. Watters</u>, 431 F.3d 566, 562 (6th Cir. 2005), and decisions arrived at through notice-and-comment rulemaking generally merit <u>Chevron</u> treatment.  <u>United States v. Mead Corp.</u>, 533 U.S. 218, 229-231 (2001).  A court must grant this deference even if the agency's reading differs from what the court believes is the best statutory interpretation.  <u>National Cable & Telecomms. Ass'n v. Brand X Internet Servs.</u>, 545 U.S. 967, 980 (2005).

In the instant case Congress did not directly legislate as to the specific types of calls at issue but rather left it to the FCC to determine what types of calls are permissible.  As the Supreme Court stated in Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ., 550 U.S. 81, 89 (2007), "if Congress left a 'gap' for the agency to fill-then we must uphold the [agency's] interpretation as long as it is reasonable."  The FCC filled the "gap" left for it in § 227(b)(2)(B) through its notice-and comment rulemaking procedures in the 2003 and 2005 Orders.  This Court gives considerable weight to these Orders and will defer to the FCC's reasoned judgment.  The FCC further articulated its position in an opinion letter to the Second Circuit stating that the types of messages at issue here do not violate the TCPA.  While opinion letters do not warrant complete deference, they are entitled to respect and may be considered as persuasive authority.  Christensen v. Harris County, 529 U.S. 576 (2000).  This Court finds the letter to be quite persuasive, especially because it is simply a restatement of the FCC's interpretation contained in the 2003 and 2005 Orders.  As a result of the FCC's manifest intent to exempt the type of call at issue from the TCPA, this Court finds that Defendant's message is not a violation of the TCPA.  Plaintiff's complaint, therefore, fails to state a claim for relief under the TCPA.

IV. <u>Conclusion</u>

For all the foregoing reasons, Defendant's motion to dismiss is well-taken and **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date   June 2, 2010                         s/ Sandra S. Beckwith
                                         Sandra S. Beckwith
                                    Senior United States District Judge